Garland, J.
delivered the opinion of the court.
This suit is brought to recover the balance alleged to be due on a promissory note, made by defendant to the order of Twogood, and by him indorsed. The defendant answered the note was given to secure the payment of a portion of the price of a lo't of ground which the plaintiff and others had sold him, warranting it free from all encumbrances and liens. He further says the lot is subject to a claim and lien for about $173, which the corporation of New Orleans has for paving the streets and side-walks in front and rear of it, for which a suit has been instituted in. the city court. This sum he pleads in compensation and reconvention.
After the cause was set for trial, the defendant obtained an order directing the mayor of the city and the comptroller of the general sinking fund to produce in court, on the day of trial, “ all the records of the city in their ■ keeping, which show the date of the paving of the public road now called Front Levee-street, also the date of the paving of Olinton-street,” together with the ordinances relating to paving said streets, and laying a tax for the purpose. On the day of trial, the comptroller appeared and stated, “,the re-[463] cords set forth in and called for by the said subpoena were in his possession, and under his control, but that he was not able then to produce the same, his clerk having possession of the key of the safe in which they were kept, and he was absent;” whereupon the defendant moved for a continuance, which being refused, he took a bill of exception.
We do not think the judge erred in refusing the continuance. A party does not show sufficient diligence, by merely calling on a public officer to produce his records in court to enable him to make out his defence. He could have procured copies, if the documents were very material. lie should have made something more of an effort to make out his case to b© entitled to a continuance. The articles 141 and 474 of the Code of Practice, authorize the courts to malee orders on third persons, in particular cases to produce documents and papers, on the trial of a cause, but the party wishing to use them must show some effort to assist in getting the evidence, to be entitled to delay.
The defendant says the judgment must be reversed, as the judge does not, *649 according to the 12th section of the 4th article of the constitution refer to the law in virtue of which he gave it, and adduce the reasons on which it is founded. It is stated “the court being satisfied that the plaintiff’s claim is correct; order and decree,” &c. An objection of this kind, where it is not alleged or shown, that any injury has resulted, is not entitled to much favor. This court has decided that where it is stated “ the plaintiff has made out his case by the law and evidence,” it is a sufficient reason. 11 La. Bep. 162. It has been further held, that saying “ the jury have found a verdict in favor of the plaintiff” will be deemed valid and constitutional. 11 Id. 565; and in 14 Id. 435, it is said that if the judgment states it was “rendered on due proof of the allegations of plaintiff’s petition in which the usual averments of demand, &c.,” are made, it will be sufficient. In this case the signature to the note is not denied, nor has sufficient diligence been shown to establish the defence ; and as it is admitted the defendant is not without remedy, if he should be [464] compelled to pay the tax he alleges is owing, we think his constitutional defence cannot avail him.
The judgment of the parish court is therefore affirmed with costs.